IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUBERT RANDLE | § | |
| On behalf of himself individually, | § | |
| And ALL OTHERS SIMILARLY | § | |
| SITUATED | § | |
| | § | |
| PLAINTIFFS, | § | CIVIL ACTION NO 4:18-CV-01770 |
| | § | |
| v. | § | |
| | § | |
| METROPOLITAN TRANSIT | § | |
| AUTHORITY OF HARRIS COUNTY | § | |
| | § | |
| DEFENDANT. | § | |

---

## DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND COMPEL ARBITRATION

---

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

Jeffrey C. Londa
State Bar No. 12512400
Carolyn Russell
State Bar No. 24003913
Stephen J. Quezada
State Bar No. 24076195
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, TX  77002
713-655-0855
713-655-0020 (Fax)
jeff.londa@ogletreedeakins.com
carolyn.russell@ogletreedeakins.com
stephen.quezada@ogletreedeakins.com

<u>**TABLE OF CONTENTS**</u>

I.   STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS...................1

II.  STATEMENT OF THE ISSUES AND STANDARD OF REVIEW ...............................2

        a.  Issues..................................................................................................................2

        b.  Standard of Review.............................................................................................2

III. LEGAL ARGUMENT.........................................................................................................3

        a.  Standard for enforcement of arbitration agreements ..........................................3

        b.  Plaintiff has entered into valid and enforceable agreements to arbitrate his claims in this case ................................................................................................4

        c.  Plaintiff lacks standing to filing suit against Metro ...........................................8

IV. CONCLUSION...................................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                 **Page(s)**

*Alford v. Dean Witter Reynolds, Inc.*,
    975 F.2d 1161 (5th Cir. 1991) .................................................................4

*Arnold v. DirecTV, Inc.*,
    2013 WL 6159456 (E.D. Mo. Nov. 25, 2013) ..........................................6

*Arthur Andersen LLP v. Carlisle*,
    129 S. Ct. 1896 (2009) .............................................................................6

*Carter v. Affiliated Computer Servs., Inc.*,
    2010 WL 5572078 (W.D. Ark. Dec. 15, 2010) ........................................7

*Collie v. Wehr Dissolution Corp.*,
    345 F. Supp. 2d 555 (M.D. N.C. 2004) ...................................................8

*Cook v. General Electric Co.*,
    2010 WL 4885115 (E.D. N.C. Nov. 23, 2010) .........................................8

*Dean Witter Reynolds v. Byrd*,
    470 U.S. 213 (1985) .................................................................................3

*Epic Systems Corporation v. Lewis*,
    Nos. 16-285, 16-300, 16-307 (May 21, 2018) ..........................................6

*Escobal v. Celebration Cruise Operator, Inc.*,
    482 Fed. Appx. 475 (11th Cir. July 20, 2010) .........................................7

*First Options of Chicago, Inc. v. Kaplan*,
    514 U.S. 938 (1995) .................................................................................4

*Folse v. Richard Wolf Med. Instruments Corp.*,
    56 F.3d 603 (5th Cir. 1995) .....................................................................3

*Gilmer v. Interstate/Johnson Lane Corp.*,
    500 U.S. 20 (1991) ...................................................................................3

*Gray v. Sage Telecom, Inc.*,
    410 F. Supp. 2d 507 (N.D. Tex. 2006) ....................................................4

*Green Tree Fin. Corp.-Ala. v. Randolph*,
    531 U.S. 79 (2000) ...................................................................................3

*Grigson v. Creative Artists Agency LLC*,
    210 F.3d 524 (5th Cir. 2000) ................................................................6, 7

*In re Halliburton Co.*,
    80 S.W.3d 566 (Tex. 2002)...........................................................................3

*Jody James Farms, JV v. Altman Group, Inc.*,
    547 S.W.3d 624 (Tex. 2018)..........................................................................8

*Joyner v. GE Healthcare*,
    2009 WL 3063040 (D. S.C. Sept. 18, 2009).................................................8

*Maldonado v. Mattress Firm, Inc.*,
    2013 WL 2407086 (M.D. Fla. June 3, 2013).................................................7

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
    473 U.S. 614 (1985)......................................................................................3

*Moses H. Cone Memorial Hosp. v. Mercury Cosntr. Corp.*,
    460 U.S. 1 (1983)..........................................................................................3

*MS Dealer Svc. Corp. v. Franklin*,
    177 F.3d 942, 947 (11th Cir. 1999) ..............................................................7

*Pa. Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*,
    713 F. Supp. 2d 734 (N.D. Ill. 2010) ...........................................................7

*Phelps v. Baton Rouge Radiology Group, Inc.*,
    2011 WL 2174030 (M.D. La. June 2, 2011).................................................7

*R.M. Perez & Assocs., Inc. v. Welch*,
    960 F.2d 534 (5th Cir. 1992) ........................................................................3

*Ramming v. United States*,
    281 F.3d 158 (5th Cir. 2001) ........................................................................3

*Van Curan v. Great Falls Ins. Co.*,
    2012 WL 3115160 (D. Me. July 26, 2012)...................................................7

*Vantage Trailers, Inc. v. Beall Corp.*,
    567 F.3d 745 (5th Cir. 2009) ........................................................................3

*Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*,
    489 U.S. 468 (1989)......................................................................................4

*Webb v. Investacorp, Inc.*,
    89 F.3d 252 (5th Cir. 1996) ..........................................................................4

**Statutes**

Federal Arbitration Act (FAA) 9 U.S.C. § 2-3 .........................................................3, 6

iv

Fair Labor Standard Act (FLSA) 29 U.S.C § 201, *et seq.* ...............................................1, 2 ,4, 6, 7

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND
COMPEL ARBITRATION**

Defendant Metropolitan Transit Authority of Harris County ("Metro") files this Motion to Dismiss First Amended Complaint and Compel Arbitration ("Motion") and respectfully requests that this Court dismiss Plaintiff's claims with prejudice for the reasons below.

## I.      STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed his Original Complaint on May 30, 2018, asserting misclassification and unpaid wages FLSA claims against Metro on behalf of himself and a putative class.[1] Plaintiff's Original Complaint also asserted that "[i]n 2015 Metro began a joint employment relationship with Yellow Cab…."[2]  On July 5, 2018, this Court granted Metro's Unopposed Motion to Extend Time to File a Responsive Pleading.[3] Metro filed its first Motion to Dismiss and Compel Arbitration on July 23, 2018.[4] At the pre-motion conference held on August 2, 2018, this Court denied Plaintiff's Motion for Conditional Certification.[5] Also at the pre-motion conference, the Court ruled that it was dismissing Plaintiff's claim, and later reserved its ruling pursuant to Plaintiff's request to file a Response to Metro's Motion to Dismiss and Compel Arbitration.[6] The Court urged Plaintiff to substitute a plaintiff who was not subject to arbitration.[7] Plaintiff's counsel conceded, "And I will say this, Your Honor, I would like to present my arguments about Mr. Randle, but if every other person has the same agreement as Mr. Randle, I conceded that the same ruling would apply."[8]

---

[1] Docket No. 1.
[2] Id. at p. 3.
[3] Docket No. 8 (setting deadline of July 23, 2018 for Metro to respond to the Original Complaint).
[4] Docket No. 24.
[5] Docket No. 58.
[6] Docket No. 51 at 3:23-4:4.
[7] *Id*. at 6:4-14.
[8] *Id*. at 7:12-15.

On August 10, 2018, Plaintiff, after Metro filed its Motion to Dismiss and Compel Arbitration and the Court held the pre-motion conference, filed an Application for Preliminary and Permanent Injunction and Brief in Support, seeking relief only as to Yellow Cab.[9] Plaintiff, then filed a First Amended Complaint on August 13, 2018, alleging the same violations of the FLSA as in his Original Complaint but changing his theory of liability.[10] He did not substitute a plaintiff who was not subject to arbitration. Instead, he shifted his theory to claim Metro directly employed him. Plaintiff claims remain based on his agreements to perform work on the METROLift contract and require arbitration of any disputes in any way relating to the agreements.

On August 14, 2018, Plaintiff filed a Motion for Corrective Notice and Motion for Protective Order, seeking essentially the same relief as his Application for Preliminary and Permanent Injunction and again only as to Yellow Cab.[11] Metro now files this Motion in response to Plaintiff's First Amended Complaint.

## II.   STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

### a.  Issues

Can Plaintiff avoid dismissal under Fed. R. Civ. P. 12(b)(1) despite a valid and enforceable mandatory arbitration provision?

### b.  Standard of Review

Rule 12(b)(1) permits a court to dismiss a case when there is no subject matter jurisdiction.[12] Unlike when considering a motion brought under Rule 12(b)(6), a court evaluating a motion under Rule 12(b)(1) properly may consider matters outside the complaint and matters of

---

[9] Docket No. 60.
[10] Docket No. 61.
[11] Docket. No. 64
[12] Fed. R. Civ. P. 12(b)(1).

fact that may be still disputed.[13] When the court considers such disputed facts, it must resolve the dispute "*without* giving a presumption of truthfulness to the plaintiff's allegations" (emphasis added).[14] At all times, the plaintiff maintains the burden of proving that jurisdiction does exist.[15]

## III.   LEGAL ARGUMENT

### a.   Standard for enforcement of arbitration agreements.

Arbitration agreements are enforceable under the Federal Arbitration Act ("FAA") and are strongly favored under both federal and state policies.[16] The FAA's provisions are mandatory, and courts must compel arbitration when a valid arbitration agreement exists.[17] The FAA provides that pre-dispute arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[18] The Supreme Court has noted that the purpose of the FAA is "'to reverse the longstanding judicial hostility to arbitration agreements ... and to place [them] upon the same footing as other contracts.'"[19] Accordingly, there is a strong presumption in favor of arbitration, and a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity.[20]

In adjudicating a motion to compel arbitration under the FAA, courts generally conduct a two-step inquiry.  The first step is to determine whether the parties agreed to arbitrate the dispute in question.[21]  This determination involves two considerations: (1) whether there is a valid

---

[13] *Ramming v. United States*, 281 F.3d 158, 161 (5ᵗʰ Cir. 2001).
[14] *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5ᵗʰ Cir. 2009).
[15] *Ramming v. United States*, 281 F.3d 158, 161 (5ᵗʰ Cir. 2001).
[16] 9 U.S.C. § 2; *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 217 (1985); *Moses H. Cone Memorial Hosp. v. Mercury Cosntr. Corp.*, 460 U.S. 1, 24 (1983); *In re Halliburton Co.*, 80 S.W.3d 566, 572-73 (Tex. 2002).
[17] *See* 9 U.S.C. § 3.
[18] 9 U.S.C. § 2.
[19] *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 89 (2000) (*quoting Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)).
[20] *Gilmer*, 500 U.S. at 26.
[21] *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985); *Folse v. Richard Wolf Med. Instruments Corp.*, 56 F.3d 603, 605 (5th Cir. 1995); *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 538 (5th Cir. 1992).

agreement to arbitrate; and (2) whether the dispute in question falls within the scope of that arbitration agreement.[22]   When deciding whether the parties agreed to arbitrate the dispute in question, "courts generally ... should apply ordinary state-law principles that govern the formation of contracts."[23] In applying state law, however, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration."[24]

Dismissal of a case under Fed. R. Civ. P. 12(b)(1), rather than a stay pending arbitration, is appropriate when all of the issues raised in the district court must be submitted to arbitration.[25] As the Fifth Circuit Court of Appeals explained, "retaining jurisdiction and staying the action will serve no purpose" in that circumstance.[26]

### b. Plaintiff has entered into valid and enforceable agreements to arbitrate his claims in this case.

Plaintiff performed driving services for Yellow Cab pursuant to that company's contract with Metro, and Plaintiff's FLSA claims stem from this alleged employment.[27]   Plaintiff was never employed by Metro, individually or jointly.   Rather, Plaintiff was an independent contractor who entered into multiple contracts with Greater Houston Transportation Company, Yellow Cab Paratransit Services, Inc., and Texas Paratransit Inc. (collectively "Yellow Cab"), in which he

---

[22] *Webb v. Investacorp, Inc*., 89 F.3d 252, 258 (5th Cir. 1996).
[23] *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).
[24] *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ*., 489 U.S. 468, 475-76 (1989).
[25] *Alford v. Dean Witter Reynolds, Inc*., 975 F.2d 1161, 1164 (5th Cir. 1991); *Gray v. Sage Telecom, Inc*., 410 F. Supp. 2d 507, 512 (N.D. Tex. 2006) (dismissing claims).
[26] *Id.*
[27] *See* Docket No. 1 at ¶ 13. Metro denies that it is either a proper party in this case or a joint employer of Plaintiff. But, even if it was, as alleged by Plaintiff, Plaintiff can only proceed with his claims in arbitration, not in court.

agreed to provide the transportation services generally described in Plaintiff's Original

Complaint.[28]

At least two of these agreements contain arbitration provisions. For example, Plaintiff

entered into a "Metro Contract Designation" agreement with Greater Houston Transportation

Company on March 23, 2016, in which Greater Houston Transportation Company hired Plaintiff

to provide subcontract driving services under "METRO Contract No. CT1600003 Operation of

Minivan Transportation Services" and which contained an arbitration clause stating:

> "[A]rbitration is the required and exclusive forum for the resolution of all disputes
> and claims arising out of or **in any way relating** to this METRO Contract
> Designation, **whether in tort or contract or any other cause of action**. Such
> arbitration shall be conducted by a single arbitrator and take place in Harris County,
> Texas under the rules of the American Arbitration Association, unless the parties
> agree otherwise."[29]

Similarly, Plaintiff's April 1, 2016, Services Agreement with Yellow Cab Paratransit Services,

Inc. contains an arbitration provision stating in relevant part:

> "[Plaintiff] and [Yellow Cab Paratransit Services, Inc.] agree that arbitration is the
> required and exclusive forum for the resolution of **all disputes and claims arising
> out of or in any way relating** to this Services Agreement, **whether in tort or any
> other cause of action**. Such arbitration shall be conducted by a single arbitrator
> and take place in Harris County, Texas under the rules of the American Arbitration
> Association, unless the parties agree otherwise."[30]

It also contains a class action waiver stating in relevant part:

> "**Arbitration shall proceed solely on an individual basis without the right for
> any disputes or claims to be arbitrated on a class, consolidated, or
> representative action basis**. Class arbitrations, class actions, private attorney
> general actions, and consolidation with other arbitrations aren't allowed, and the

---

[28] Exhibit 1 at ¶¶ 1-14 and Attachments B-I. Exhibit 1 is a declaration provided by the President of Yellow Cab. It describes and includes, among other attachments, copies of the various agreements between Yellow Cab and Plaintiff.

[29] Exhibit 1 at ¶ 13 and Attachment H.

[30] Exhibit 1 at ¶ 14 and Attachment I.

arbitrator described in paragraph (a) herein is explicitly prohibited from presiding over such class, collective or other representative claims."[31]

Plaintiff's FLSA claims in this litigation fall squarely within the scope of his arbitration agreements because they are based entirely on claims that he was misclassified by the agreements. In fact, Yellow Cab has filed a Demand for Arbitration with the American Arbitration Association, Case No. 01-18-0002-7778, against Plaintiff seeking, among other things, a declaratory judgment with respect to the issues made the basis of this lawsuit. Such Demand for Arbitration is attached to this Motion as Exhibit 2.[32]

To the extent Plaintiff may argue that Metro cannot seek to enforce his arbitration agreements as a nonsignatory, the United States Supreme Court explicitly rejected any argument that only a signatory can enforce an arbitration provision under the FAA.[33] For example, traditional principles of state law may allow an arbitration contract to be enforced by nonparties through assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel.[34] The Fifth Circuit Court of Appeals has specifically held that "pursuant to an equitable estoppel doctrine, a non-signatory-to-an-arbitration-agreement-defendant can nevertheless compel arbitration against a signatory plaintiff."[35] This is particularly true when the plaintiff's allegations against the defendant are "intertwined with" or "dependent on" the contract containing the arbitration provision.[36] Equitable estoppel may be warranted to

---

[31] *Id.* The Supreme Court of the United States recently upheld class action waivers in arbitration agreements. *Epic Systems Corporation v. Lewis*, Supreme Court of the United States, Nos. 16-285, 16-300, 16-307 (May 21, 2018).

[32] Exhibit 2, Demand for Arbitration; *see also* Exhibit 1 at ¶ 18.

[33] *Arthur Andersen LLP v. Carlisle*, 129 S. Ct. 1896, 1902 (2009).

[34] *Id.*

[35] *Grigson v. Creative Artists Agency LLC*, 210 F.3d 524, 526 (5th Cir. 2000).

[36] *Id.* For example, several federal courts have found that a non-signatory alleged joint employer may compel arbitration under a plaintiff employee's arbitration agreement with another alleged joint employer, based on the intertwined nature of the plaintiff's employment claims and the alleged joint employment relationship. *See, e.g., Arnold v. DirecTV, Inc.*, No. 4:10-CV-00352-JAR, 2013 WL 6159456 (E.D. Mo. Nov. 25, 2013) (holding that two alleged FLSA joint employers could compel arbitration under the

compel arbitration when, for example, the signatory to the agreement containing the arbitration clause must rely on the terms of the agreement in asserting his claims against the nonsignatory.[37] Courts may also consider the fairness of permitting a plaintiff to proceed in litigation, which is "generally far more costly in terms of time and expense," when the plaintiff had previously agreed to arbitrate the same type of dispute with a signatory through less expensive arbitration.[38]

As the Fifth Circuit Court of Appeals explained, the "linchpin for equitable estoppel is equity—fairness" and "to not apply this intertwined-claims basis to compel arbitration would fly in the face of fairness."[39] This is especially true when "the plaintiff is seeking to avoid that agreement by bringing the action against a non-signatory" but not against a signatory with whom the non-signatory allegedly acted in concert.[40]

That is what has happened here. Plaintiff's FLSA claim stems from work performed as a subcontractor for Yellow Cab under its contract with Metro. The agreements Plaintiff entered were made pursuant to the METROLift contract, and Plaintiff challenges the relationship as defined by those agreements. Yet Plaintiff chose to bring suit against Metro and not Yellow Cab in an obvious attempt to avoid compliance with his arbitration agreements. Nothing is more telling of Plaintiff's intent to avoid arbitration than his deletion of the joint employer allegations from his Original

---

plaintiff's arbitration agreement with a third alleged joint employer who had not been sued); *see also Maldonado v. Mattress Firm, Inc.*, No. 8:13-cv-292-T-33AEP, 2013 WL 2407086 (M.D. Fla. June 3, 2013); *Van Curan v. Great Falls Ins. Co.*, No. 2:12-cv-047-NT, 2012 WL 3115160 (D. Me. July 26, 2012); *Phelps v. Baton Rouge Radiology Group, Inc.*, No. 10-865-CN, 2011 WL 2174030 (M.D. La. June 2, 2011); *Carter v. Affiliated Computer Servs., Inc.*, No. 6:10-cv-06074, 2010 WL 5572078 at *4 (W.D. Ark. Dec. 15, 2010).

[37] *Id.* (citing *MS Dealer Svc. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999) (abrogated on other grounds)); *see also Escobal v. Celebration Cruise Operator, Inc.*, 482 Fed. Appx. 475, 476 (11th Cir. July 20, 2010) (holding that equitable estopped requires a signatory to arbitrate claims against a nonsignatory when those claims are inextricably intertwined with arbitrable claims against a signatory); *Pa. Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, 713 F. Supp. 2d 734, 745 (N.D. Ill. 2010) (Holding that because plaintiffs claims against nonsignatories were indistinguishable from claims against signatories, they were estopped from avoiding arbitration).

[38] *Id.*

[39] *Grigson*, 210 F.3d at 528.

[40] *Id.*

Complaint and his application and motion seeking independent relief against Yellow Cab.[41] All the claims Plaintiff has asserted against Metro are inextricably intertwined with Plaintiff's work for Yellow Cab. Additionally, Plaintiff's claims that he was misclassified as an independent contractor will necessarily require interpretation of the agreement that he signed to provide those same METROLift services.[42] Thus, the agreements providing for arbitration in any way relating to them are directly at issue in this case.

Plaintiff should not be permitted to circumvent his mandatory and exclusive arbitration agreements merely because Metro is a nonsignatory. Equity favors arbitration of Plaintiff's claims, and this Court should dismiss Plaintiff's First Amended Complaint under Fed. R. Civ. P. 12(b)(1).[43] As indicated above, Yellow Cab is already seeking relief in arbitration regarding the claims made the basis of this lawsuit.

### c. Plaintiff lacks standing to file suit against Metro.

In order to avoid duplicative pleadings, Metro incorporates by reference its argument that Plaintiff lacks standing to sue Metro, as set forth in its Motion to Dismiss and Compel Arbitration.[44]

---

[41] *Compare* Docket No. 1, *with* Docket No. 61; Docket Nos. 60, 64.

[42] Based on Plaintiff's shift to a direct-employment case theory, his claims against Metro now directly arise from the agreements between Plaintiff and Yellow Cab for his driving services in support of the METROLift program. *But for* his agreements, which contain arbitration clauses, Plaintiff would have no association with Metro. In *Jody James Farms, JV v. Altman Group, Inc.,* 547 S.W.3d 624 (Tex. 2018), the Texas Supreme Court found that direct benefits estoppel "precludes a plaintiff from seeking to hold the non-signatory liable based on the terms of an agreement that contains an arbitration provision while simultaneously asserting the provision lacks force because the defendant is a non-signatory." "[W]hen the substance of the claim arises from general obligations imposed by state law, including statutes, torts and other common law duties, or federal law," direct-benefits estoppel is not implicated even if the claim refers to or relates to the contract or would not have arisen "but for" the contract's existence. *Id.*

[43] *See Cook v. General Electric Co*., 2010 WL 4885115 at *6 (E.D. N.C. Nov. 23, 2010) (dismissing case under Fed. R. Civ. P. 12(b)(1) where all of the plaintiff's claims were covered by an arbitration agreement); *Joyner v. GE Healthcare*, 2009 WL 3063040 at *4 (D. S.C. Sept. 18, 2009) (same); *Collie v. Wehr Dissolution Corp*., 345 F. Supp. 2d 555, 562-63 (M.D. N.C. 2004) (dismissing, pursuant to Fed. R. Civ. P. 12(b)(1), claims within the scope of an arbitration agreement).

[44] See Docket No. 24

IV.     CONCLUSION

Because all of Plaintiff's claims in this litigation are subject to mandatory arbitration, and because he lacks standing to sue Metro, Metro respectfully requests that this Court dismiss Plaintiff's claims with prejudice under Fed. R. Civ. P. 12(b)(1).


                                        Respectfully submitted,

                                        /s/  *Jeffrey C. Londa*
                                        Jeffrey C. Londa
                                        State Bar No. 12512400
                                        OGLETREE, DEAKINS, NASH,
                                           SMOAK & STEWART, P.C.
                                        One Allen Center
                                        500 Dallas Street, Suite 3000
                                        Houston, TX  77002
                                        713-655-0855
                                        713-655-0020 (Fax)
                                        jeff.londa@ogletreedeakins.com

                                        ATTORNEY-IN-CHARGE FOR DEFENDANT


OF COUNSEL:

Carolyn Russell
State Bar No. 24003913
Stephen J. Quezada
State Bar No. 24076195
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, TX  77002
713-655-0855
713-655-0020 (Fax)
carolyn.russell@ogletreedeakins.com
stephen.quezada@ogletreedeakins.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of August, 2018, the foregoing was electronically filed with the Clerk of the Court and served upon counsel pursuant to the Federal Rules of Civil Procedure.

Taft L. Foley, II
The Foley Law Firm
3003 South Loop West, Suite 108
Houston, TX  77054

Don J. Foty
Kennedy Hodges LLP
4409 Montrose Blvd.
Houston, TX  77006

*/s/ Jeffrey C. Londa*
Jeffrey C. Londa